

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN HENRY,  §<br>        Plaintiff,  §<br>                          §<br>vs.                       §    CIVIL ACTION NO. 4:24-6043-MGL<br>                          §<br>                          §<br>D. CRAGG,               §<br>        Defendant.    § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTIONS FOR SANCTIONS AND DISMISSAL**

Plaintiff John Henry (Henry) filed this 42 U.S.C. § 1983 lawsuit against Defendant D. Cragg (Cragg), alleging Cragg violated his right under the Eighth Amendment to be free from excessive force. Henry is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Cragg's motions for sanctions and to dismiss be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 20, 2025, after which the Court granted Henry a very generous extension of time to file his objections.  The Clerk entered Henry's objections on October 9, 2025.  The Court has carefully considered the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Magistrate Judge lays out the following procedural history in this case:

> On February 24, 2025, [Cragg] filed a Motion to Compel, seeking an order compelling [Henry] to respond to his discovery requests. [Henry] did not respond to the motion and, thus, the [Magistrate Judge] entered an Order granting the motion without opposition and directing [Henry] to respond to [Cragg's] discovery requests [not later than April 7, 2025].  On May 7, 2025, [Cragg] filed [his] motion[s] seeking dismissal of the present case for [Henry's] failure to comply with the Order compelling him to provide discovery responses. . . .  [Henry] failed to respond to [these] . . . motion[s] as well.

Report at 1-2 (citations omitted).  Cragg's motions seeks dismissal (1) as a sanction for Henry's alleged neglect to satisfy his discovery obligations, and (2) because of Henry's purported failure to prosecute his case.

On May 7, 2025, the same day Cragg filed his motions for sanctions and to dismiss, the Magistrate Judge filed a *Roseboro* Order, stating, in relevant part, Henry had "[thirty-one] days from the date of this order to file any material in opposition to the motion[s] that defendant filed.  If you fail to respond adequately, the [C]ourt may grant [Cragg's] motion[s], which may end your case." *Roseboro* Order at 1 (emphasis omitted).  As the Court noted earlier, Henry failed to respond to Cragg's two motions.

In Henry's one page of objections, he insists he responded to Cragg's discovery requests on June 9, 2025.  But, the Magistrate Judge had ordered him to respond by April 7, 2025.  He also maintains Cragg has failed to fully respond to all his discovery requests.

Henry, however, neglects to address anything about his failure to respond to Cragg's motions for sanctions and to dismiss, or his failure to adhere to the Magistrate Judge's time line for responding to Cragg's discovery requests. Because the Magistrate Judge explained in great detail why the Court should grant Cragg's motions for sanctions and to dismiss, and the Court fully agrees with the Magistrate Judge's comprehensive and well-reasoned analysis of these issues, the Court will decline to repeat the discussion here.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Henry's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Cragg's motions for sanctions and to dismiss are **GRANTED**; and this case is **DISMISSED WITH PREJUDICE**. Consequently, the pending motion to extend the scheduling order deadlines is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 14th day of October, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Henry is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.